# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| BONNIE GARDNER | ) | Case Number:    CR NO. 09-00180-002 |
| | ) | USM Number:    33388-068 |
| | ) | Martin A. Dietz, Esquire |
| | | Defendant's Attorney |

## THE DEFENDANT:

X   pleaded guilty to count(s)    1 (of Superseding Indictment)

☐   pleaded nolo contendere to count(s)
which was accepted by the court.

☐   was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Mail and Wire Fraud Conspiracy | March, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through    15    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    2-15 (of Superseding Indictment)    ☐ is    X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 18, 2013
Date of Imposition of Judgment

_Nora Barry Fischer_
Signature of Judge

Nora Barry Fischer, United States District Judge
Name and Title of Judge

10/18/13
Date

DEFENDANT:        BONNIE GARDNER
CASE NUMBER:    CR NO. 09-00180-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        Forty-two (42) months.

X    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant: (1) be incarcerated at a detention facility as near to her home in Apollo, Pennsylvania, for which she qualifies; (2) receive any available vocational and education training while incarcerated, for which she is eligible; (3) be afforded the opportunity to work while incarcerated for the purpose that the defendant making restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program; (4) be evaluated and treated, if necessary, for any mental health conditions.

☐    The defendant is remanded to the custody of the United States Marshal.

X    The defendant shall surrender to the United States Marshal for this district:

X    at        9:00        X    a.m.    ☐    p.m.    on    November 29, 2013, unless the defendant is advised to report to a facility at an earlier date by the Bureau of Prisons .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       BONNIE GARDNER
CASE NUMBER:     CR NO. 09-00180-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :       Three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        BONNIE GARDNER
CASE NUMBER:      CR NO. 09-00180-002

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not illegally possess a controlled substance.

2. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

3. The defendant shall report any change of address within 30 days to the United States Attorney's Office while any portion of the restitution remains outstanding.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5. The defendant shall obtain gainful employment.

6. The defendant shall pay restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10% of her gross monthly earnings. The first payment shall be due within 30 days of the defendant's release from the custody of the Bureau of Prisons. The defendant does not have the ability to pay interest on the restitution. Therefore interest is waived.

7. The defendant shall provide the probation officer with access to any requested financial information.

8. The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

DEFENDANT:          BONNIE GARDNER
CASE NUMBER:        CR NO. 09-00180-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 18.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 13,703.189.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Ernestine Alberts<br>350 Derrick Avenue<br>Uniontown, PA 15401 | | 253,727 | |
| Richard Ashton<br>32 Forest Avenue<br>Uniontown, PA 15401 | | 155,000 | |
| Marvin Bailey<br>260 Railroad Avenue<br>Blairsville, PA 15717 | | 7,159 | |
| Mayvis Bauman<br>5125 Fifth Avenue, Apt. 2C<br>Pittsburgh, PA 15232 | | 100,000 | |
| Patricia Beard<br>390 Hulton Lane<br>Oakmont, PA 15139 | | 5,750 | |
| **TOTALS** | $ _____ | $ _____ 13,703.189.00 | |

Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X  the interest requirement is waived for the    ☐ fine   X  restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        BONNIE GARDNER
CASE NUMBER:      CR NO. 09-00180-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Percentage |
|---|---|---|---|
| Jack Bird<br>260 Charlet Street<br>Bridgeville, PA 15017 | | 60,000 | |
| Jay Bird<br>260 Charlet Street<br>Bridgeville, PA 15017 | | 20,000 | |
| Geraldine Blaney<br>139 Georges Fairchance Road<br>Uniontown, PA 15401 | | 235,850 | |
| Victor & Judy Bonatch<br>82 Hilltop Drive<br>Home, PA 15747 | | 241,500 | |
| Elsa Bonfigli<br>323 South Spring Avenue<br>Greensburg, PA 15601 | | 6,600 | |
| Di & Dairu Wen Boxing<br>9025 Delaware Drive<br>N. Huntingdon, PA 15642 | | 100,000 | |
| John Carleo<br>2953 Kingston Court<br>Irwin, PA 15642 | | 42,800 | |
| Meishing & Qing Ye Chen<br>131 Mohawk Drive<br>Pittsburgh, PA 15228 | | 52,000 | |
| Jie, Jianfeng Li Chen<br>18 Dreams Lane East<br>Painted Post, NY 14870 | | 100,000 | |
| Yaozhong Chen<br>336 Buffalo Ridge Road<br>McMurray, PA 15317 | | 0,000 | |

DEFENDANT:      FRANK S. GUZIK, JR.
CASE NUMBER:    CR NO. 09-00180-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Qiliang, Yongtuan, & Jiang Fei Chen<br>1271 Otter Street, Franklin, PA 16323 | | 50,000 | |
| Yun Tai & Ying Chun Wang Chi<br>501 Peregrine Drive, N. Huntingdon, PA 15642 | | 244,744 | |
| Ching-Lin Chow<br>166 Regal Court, Monroeville, PA 15146 | | 160,691 | |
| Thomas & Debbie Coffman<br>1123 Stonbridge Drive , Durham, NC 27712 | | 50,000 | |
| Samuel & Lori Concelman<br>175 Browns Hill Road<br>Valencia, PA 16059 | | 54,000 | |
| Gregg Cully<br>9771 Woodland Road<br>Pittsburgh, PA 15237 | | 1,750 | |
| Louis & Judith Curry<br>87 Princeton Avenue<br>Uniontown, PA 15401 | | 50,000 | |
| Daniel & Marion Delfrate<br>2170 Vincenza Drive<br>Sparks, NV 89434 | | 50,000 | |
| Richard & Lucille Dennis<br>807 Flat Rock Road<br>Markleysburg, PA 15459 | | 50,000 | |
| Andrew Dennis<br>487 Main Street<br>Addison, PA 15411 | | 23,100 | |
| Nancy Duty<br>3625 Melrose Drive<br>Raleigh, NC 27604 | | 23,833 | |

     * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        FRANK S. GUZIK, JR.
CASE NUMBER:      CR NO. 09-00180-001

## ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Lawrence & Kathleen Dwojak<br>127 Carmella Drive<br>Irwin, PA 15642 | | 105,450 | |
| Rentian Feng<br>1183 Camarta Drive<br>Pittsburgh, PA 15227 | | 28,000 | |
| John & Judy Foley<br>3 Gateway Center, Suite 248<br>Pittsburgh, PA 15222 | | 1,038,750 | |
| John & Betsy Golding<br>110 Trenton Circle<br>McMurray, PA 15317 | | 47,000 | |
| Tom & Vicki Gordon<br>105 McKean Road<br>Freeport, PA 16229 | | 730,250 | |
| Earlene Halliwell<br>100 Bryn Mawr Court E., Apt. 408<br>Pittsburgh, PA 15221 | | 41,175 | |
| Gary & Rita Halliwell<br>11720 SE 255th Place<br>Kent, WA 98030 | | 60,202 | |
| Gary & Diane Han<br>935 Giovanni Lane<br>Irwin, PA 15642 | | 38,000 | |
| Yen Hseuh<br>21 W231 Coronet Road<br>Lombard, IL 60148 | | 47,000 | |
| Tenren Hsu<br>2531 N. Marshfield Avenue<br>Chicago, IL 60614 | | 233,146 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       FRANK S. GUZIK, JR.
CASE NUMBER:     CR NO. 09-00180-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Allen, Martha, Neal & Jeanine Huggins<br>412 Market Street<br>Wilmington, NC 28401 | | $7,466 | |
| William Hutchison<br>1782 McClure Road<br>Monroeville, PA 15146 | | $2,000 | |
| Linda Irwin<br>46 Eastport Court<br>Redbank, NJ 07701 | | 314,764 | |
| Robert & Louise Jameson<br>455 Hopewell Road<br>Brownsville, PA 15417 | | 23,120 | |
| Harvey Jeffries<br>123 Blackcherry<br>Chapel Hill, NC 27517 | | 91,333 | |
| Kathryn Johnston<br>405 Butler Court<br>Wilmington, NC 28412 | | 9,866 | |
| Douglas & Diane Jones<br>1813 Hideaway Lane<br>Durham, NC 27712 | | 22,666 | |
| David Jones<br>785 Driftwood Drive<br>Graham, NC 27253 | | 23,500 | |
| Steven & Annette Kohl<br>138 Chimney Lane<br>Wilmington, NC 28409 | | 23,000 | |
| Hugh & Louise Kovalsky<br>15 Frankline Drive<br>Belle Vernon, PA 15012 | | 111,000 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        FRANK S. GUZIK, JR.
CASE NUMBER:      CR NO. 09-00180-001

# ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| LAB Associates<br>408 Willard Street<br>Ridgeway, PA 15853 | | 14,266 | |
| William Lansing<br>398 First Avenue<br>Wetumpka, AL 36092 | | 175,200 | |
| Jin Luo<br>1616 Hinman Avenue, Apt. 7D<br>Evanston, IL 60201 | | 29,422 | |
| Jack Mack<br>4765 Route 259 Highway<br>Indiana, PA 15701 | | 21,160 | |
| Lenny Mack<br>253 Rhine Road<br>Blairsville, PA 15717 | | 21,574 | |
| Dr. John Mathews<br>3703 Millstone Court<br>Murrysville, PA 15668 | | 102,000 | |
| Richard Lee May<br>430 Kirkmans Ford Road<br>Siler City, NC 27344 | | 107,466 | |
| Demi McCauley<br>1826 W. School Street<br>Chicago, IL 60657 | | 93,000 | |
| Kathy McDaniel<br>9406 Voyagers Way<br>Wilmington, NC 28412 | | 23,500 | |
| James & Sarah McGinnis<br>9400 Woodcrest Road<br>Pittsburgh, PA 15237 | | 257,350 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      FRANK S. GUZIK, JR.
CASE NUMBER:    CR NO. 09-00180-001

# ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Ying Fook Moy<br>2156 S. China Place, Unit B<br>Chicago, IL 60616 | | 5,000 | |
| Coy & Joan Mullins<br>1003 Jane Drive<br>Culloden, WV 25510 | | 4,100 | |
| William Murray<br>30 Elm Street<br>Blacklick, PA 15716 | | 34,530 | |
| Susanne Newmeyer<br>3882 Circle Lake Drive<br>W. Palm Beach, FL 33417 | | 35,000 | |
| Junhai & Liping Qian Ou<br>227 Melrose Drive<br>New Stanton, PA 15672 | | 175,000 | |
| Yingguo & Dongxia Peng<br>813 Hillaire<br>Pittsburgh, PA 15243 | | 25,000 | |
| Peyton & Ann Pitts<br>1907 Princess Street, PO Box 2006<br>Wilmington, NC 28402 | | 14,200 | |
| John Polosky<br>136 Lycippus Hardwood Road<br>Latrobe, PA 15650 | | 647,000 | |
| Barry Popkin<br>201 Huntington Drive<br>Chapel Hill, NC 27514 | | 47,666 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      FRANK S. GUZIK, JR.
CASE NUMBER:    CR NO. 09-00180-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Jeffrey Potter<br>1644 LaSalle Avenue<br>Pittsburgh, PA 15216 | | 10,000 | |
| Charles & Linda Potter<br>224 Merion Drive<br>Pittsburgh, PA 15228 | | 46,333 | |
| Barbara Price<br>1006 Red Oak Drive<br>Harrison City, PA 15636 | | 5,000 | |
| Gerald & Marcia Quill<br>605 Pleasant Avenue<br>Wyndmoor, PA 19038 | | 5,466 | |
| Raymond Reed<br>133 Sandro Street<br>Indiana, PA 15701 | | 50,000 | |
| Martin & Vianeth Reutebuch<br>1776 Saratoga Drive<br>Greenwood, IN 46143 | | 17,500 | |
| Eleanor Richardson<br>1030 W. Trinity Avenue<br>Durham, NC 27701 | | 20,000 | |
| Craig Seifert<br>221 Rutherglen Drive<br>Oakdale, PA 15071 | | 71,250 | |
| Allison Serakowski<br>58 Ross Hollow Road<br>New Kensington, PA 15068 | | 90,265 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        FRANK S. GUZIK, JR.
CASE NUMBER:      CR NO. 09-00180-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Chaofu & Baoyu Jasmine Sun Shi<br>1771 Moynelle<br>Pittsburgh, PA 15243 | | 41,000 | |
| James Simon<br>322 Bunger Street<br>Ligonier, PA 15658 | | 71,000 | |
| James Sisak<br>63 Grafton Road<br>Blairsville, PA 15717 | | 25,000 | |
| Ted Stern<br>1943 Wightman Street<br>Pittsburgh, PA 15217 | | 4,400,000 | |
| Jennifer Stever<br>1631 South Maple<br>Carthage, MO 64836 | | 175,200 | |
| Wayne & Darlene Stiles<br>1790 Bruner Road<br>Blairsville, PA 15717 | | 35,000 | |
| Thomas Stout<br>120 Brandywine Drive<br>McMurray, PA 15317 | | 47,000 | |
| Naomi & Felix Tatar<br>40 Hobbitt Lane<br>Finleyville, PA 15332 | | 20,000 | |
| Gerald Thomas<br>580 Butterfield<br>N. Huntingdon, PA 15642 | | 50,000 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        FRANK S. GUZIK, JR.
CASE NUMBER:      CR NO. 09-00180-001

# ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Terry Wadsworth<br>128 Grafton Road<br>Blairsville, PA 15717 | | 155,738 | |
| Dong Sheng & Qing Ling Cheng Wang<br>331 Ashland Avenue<br>Pittsburgh, PA 15228 | | 83,000 | |
| Xiaoli Wang<br>169 Seneca Drive<br>Pittsburgh, PA 15228 | | 100,000 | |
| Christian & Tanya Weller<br>220 Holiday Lane<br>Homer City, PA 15748 | | 25,000 | |
| Raymond Whiteside<br>101 Moonlight Drive<br>Monroeville, PA 15146 | | 201,077 | |
| Raymond (Randy) Whiteside, Jr.<br>101 Moonlight Drive<br>Monroeville, PA 15146 | | 75,000 | |
| Sandra Willis<br>11241-101 Avocet Lane<br>Raleigh, NC 27617 | | 74,000 | |
| Jeffrey & Linda Wolinski<br>6317 Sugar Pine Drive<br>Wilmington, NC 28412 | | 23,966 | |
| Eti Zangrando<br>3718 Old William Penn Hwy.<br>Pittsburgh, PA 15235 | | 239,758 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        BONNIE GARDNER
CASE NUMBER:      CR NO. 09-00180-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☐   Lump sum payment of $ _____ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance        ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

    $100.00 Special Assessment due immediately; As to Restitution ordered in the amount of $13,703,189.00, the defendant shall make restitution payments from any
wages she may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the Restitution that is not paid in
full at the time of the defendant's release from imprisonment shall be paid as a condition of Supervised Release. The victim's recovery is limited to the amount of its
loss, and the defendant liability for restitution ceases if and when the victim receives full Restitution. All restitution payments are to be made to the Clerk of the U.S.
District Court for the Western District of Pennsylvania to be divided and forwarded to the victims in an amount proportional to each victim's share of the total loss.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

    The defendant shall pay the Restitution jointly and severally with Frank Guzik.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.