#7

1544

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

14-1441

| United States District Court | District   Western District | |
|---|---|---|
| Name (under which you were convicted):    Bonnie Gardner | | Docket or Case No.:   09-CR-180 |
| Place of Confinement:   Federal Prison Camp Akderson | | Prisoner No.:   33388-068 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v.   Bonnie Gardner | | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court

    Western District

    Grant St        Pittsburgh, PA

    (b) Criminal docket or case number (if you know):  09-00180-002

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:    Octber  18, 2013

3.  Length of sentence:   42 months

4.  Nature of crime (all counts):

    18:1349   Mail and Wire Fraud Conspiracy    Ct-1

5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❑          (2)   Guilty ☒          (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

**FILED**

OCT 23 2014

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Page 2

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ❑      No ☒

8.  Did you appeal from the judgment of conviction?      Yes ❑      No ☒

9.  If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):                      N/A

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ❑      No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):                      N/A

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑      No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):                      N/A

(4) Nature of the proceeding:

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):                                N/A

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:      Yes ❑   No ❑                   N/A

(2)  Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):


See Attached

PAGES  5-14

GROUND ONE
INEFFECTIVE ASSISTANCE OF COUNSEL

MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF
SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.  THE GOVERNMENT
FORCED MOVANT'S PRIVATE COUNSEL, MR. TOM FERRELL, TO RECUSE HIMSELF
FROM THIS CASE, LEAVING MOVANT WITHOUT EFFECTIVE COUNSEL AT A CRIT-
ICAL TIME IN DEFENSE PREPARATION AND NEGOTIATIONS.  MOVAN CONTACT-
ED APPROXIMATELY 10 PRIVATE LAW FIRMS IN THE PITTSBURGH AREA
BEFORE LOCATING ATTY DIETZ.  THE OTHER FIRMS HAD A CONFLICT OF IN-
TEREST AND WERE UNABLE TO OFFER REPRESENTATION.  THIS ACTION BY
THE GOVERNMENT FORCED THE TRANSFER OF A VERY COMPLEX CASE, OF
WHICH ATTY FERRELL HAD SIGNIFICANT KNOWLEDGE, TO MR. DIETZ, WHO
HAD NO KNOWLEDGE OF THE STRUCTURE OR FUNCTIONS OF THE BUSINESS
ENTITIES INVOLVED IN THE CASE, AND, WHO LATER ILLUSTRATED THAT HE
HAD NO INITIATIVE TO ACQUAINT HIMSELF WITH THESE SAID ASPECTS.
THIS LACK OF KNOWLEDGE LEFT ATTY DIETZ AT AN EXTREME DISADVANTAGE
WHEN ENTERING INTO NEGOTIATIONS FOR THE MOVANT.  COUNSEL'S PERFORM-
ANCE WAS SEVERLY UNDERMINED BY INADEQUATE KNOWLEDGE OF THE FACTS,
DUE IN PART TO THE TIME FRAME ON WHICH HE ACQUIRED THE CASE, THE
COMPLEXITY OF THE CASE, THE EXCESSIVE EXHIBITS PRESENTED BY THE
PROSECUTION AND HIS LACK OF INITIATIVE.

GROUND TWO

INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL FAILED TO PROVIDE PERTINENT INFORMATION RELATED TO PLEA
AGREEMENT.  WHEN MOVANT WAS OFFERED A PLEA AGREEMENT CONSISTING OF
12 MONTHS OF PROBATION AND NO JAIL TIME, MOVAN HAD SIGNIFICANT
CONCERNS REGARDING THE NEED TO APPEAR IN COURT AND PERJURE HER-
SELF BY TAKING FULL RESPONSIBILITY FOR INVESTMENT FRAUD ACTIONS
THAT HAD OCCURRED YEARS BEFORE MOVANTS EMPLOYMENT WITH THE COMPANY.
COUNSEL DID NOT ADVISE MOVANT OF THE AVAILABILITY OF THE ALFORD
PLEA, WHICH WOULD HAVE ALLOWED MOVANT TO ACCEPT THE PLEA AGREE-
MENT WITHOUT RESERVATION.  IN SPITE OF REPEATED REQUESTS BY THE
MOVANT TO COUNSEL FOR ANY ALTERNATIVES TO COMMITTING PERJURY, THE
OPTION OF THE ALFORD PLEA WAS NEVER OFFERED.  THE MOVANT SUBSE-
QUENTLY REFUSING THE PLEA AND RECEIVING 42 MONTHS IN PRISON RATHER
THAN 12 MONTHS ON PROBATION CLEARLY ILLUSTRATES PREJUDICE TO THE
MOVANT.  THE SUBSEQUENT ACCEPTANCE OF THE SECOND PLEA AGREEEMENT
BY THE MOVANT, WAS INFLUENCED SIGNIFICANTLY BY THE PROSECUTION
COMMUNICATING TO COUNSEL THAT HE WOULD SEE HIS  CLIENT "DIE IN
PRISON".  MOVANT AT THAT JUNCTURE FELT THE OPTIONS WERE LIMITED
AND THAT THE VINDICTIVE ACT OF THE PROSECUTION WAS SOMETHING THAT
COUNSEL WAS NOT WILLING TO ADDRESS THE UNPROFESSIONALISM OF THE
ATTITUDE ILLICITED BY THIS TYPE OF REMARK.
IN LIGHT OF THAT REVELATION, MOVANT ACCEPTED THE SECOND PLEA
AGREEMENT OFFERED, AS IT SEEMED LIKE THE ONLY OPTION OPEN.

GROUND THREE

INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL SCHEDULED AN APPOINTMENT ON WEDNESDAY, MARCH 6TH, 2013 WITH
MOVANT AND USPS INSPECTORS RANDY HAYDEN AND CAROL AUGUST, TO REVIEW
DISCOVERY AND EXHIBIT DOCUMENTS AT USPS HEADQUARTERS.  COUNSEL
NOTIFIED MOVANT SHORTLY BEFORE THE SCHEDULED MEETING TIME, THAT HE
WOULD NOT BE IN ATTENDANCE, LEAVING MOVANT WITHOUT LEGAL REPRESENTA-
TION OR GUIDANCE IN REVIEWING THE MOUNTAIN OF MATERIALS.  INSPECTOR
RANDY HAYDEN QUESTIONED MOVANT AT THAT TIME REGARDING A TRIP THAT
MOVANT HAD TAKEN OUT OF THE COUNTRY.  COUNSEL'S ABSENCE RESULTED
IN ANOTHER FAILURE TO EVALUATE EVIDENCE AGAINST MOVANT AND TO
ESTABLISH DEFENSE STRATEGIES, AS WELL AS PROTECTING MOVANT'S RIGHTS
TO NOT BE QUESTIONED WITHOUT AN ATTORNEY PRESENT.

GROUND FOUR
INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL FAILED TO CONDUCT ADEQUATE INVESTIGATION INTO COMPLEX-
ITIES OF THE CASE OR TO AVAIL HIMSELF OF PRIOR COUNSEL OR EXPERTS
WITH EXTENSIVE KNOWLEDGE RELATED TO THE STRUCTURE OF THE ENTITIES
INVOLVED.  COUNSEL INDICATED THAT HE WOULD HIRE INVESTIGATORS,
WHICH NEVER MATERIALIZED.  COUNSEL ALSO FAILED TO REVIEW DOCUMENTS
PROVIDED BY PREVIOUS COUNSEL WHICH INCLUDED A REPORT FROM AN
INDEPENDENT INVESTIGATION FIRM.  COUNSEL'S FAILURE TO CONDUCT A
REASONABLE INVESTIGATION IN THE FACTS SURROUNDING THIS CASE SEVERELY
IMPAIRED HIS EFFECTIVENESS TO EITHER NEGOTIATE A FAVORABLE PLEA OR
TO PREPARE FOR TRIAL.  ANY STRATEGIC CHOICES MADE AFTER LESS THAN
A COMPLETE INVESTIGATION DID NOT PROTECT THE RIGHTS OF THE MOVANT
AND DID NOT SUPPORT TEH GENERALLY ACCEPTED STANDARDS OF COMPETENCY.

GROUND FIVE
INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL FAILED TO SCHEDULE CONSULTATIONS WITH MOVANT TO PREPARE FOR
DEFENSE, IN SPITE OF REPEATED ATTEMPTS BY MOVANT TO SCHEDULE THE
SAME.  COUNSEL WAS APPRISED ON AN ALMOST WEEKLY BASIS OF MOVANT'S
AVAILABILITY FOR CONSULTATIONS, AND COUNSEL DID NOT MAKE HIMSELF
AVAILABLE FOR THESE MEETINGS IN SPITE OF REPEATED REQUESTS BY
MOVANT.  MOVANT CONTACTED COUNSEL IN NOVEMBER OF 2012, PROPOSING
A MEETING SCHEDULE CONSISTING OF 2 MEETINGS PER WEEK, BEGINNING
AFTER THE HOLIDAYS, WHICH WOULD ALLOW SUFFICIENT TIME TO REVIEW
DOCUMENTS AND DEVELOP DEFENSE STRATEGIES.  WHILE COUNSEL VERBAL-
IZED THAT THIS WAS INDEED CRITICAL TO DEFENSE STRATEGY, THE
MEETINGS NEVER TOOK PLACE, IN SPITE OF REPEATED PHONE CALLS, EMAILS
AND TEXT MESSAGES FROM MOVANT TO COUNSEL REQUESTING THE SAME.

GROUND SIX

INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL NEGLECTED TO CONDUCT ANY INTERVIEWS OF POTENTIAL WITNESSES
ALTHOUGH HE REQUESTED, AND WAS PROVIDED WITH, AN EXTENSIVE LIST
CONTAINING NAMES AND CONTACT INFORMATION.  ONE OF THE PEOPLE ON
THIS LIST WAS AN ATTORNEY WITH EXTENSIVE KNOWLEDGE OF THE COR-
PORATE STRUCTURE OF THE ENTITY INVOLVED, AS WELL AS FIRST HAND
KNOWLDEGE OF THE FUNCTION OF THE MOVANT WITHIN THE COMPANY.  THIS
INFORMATION WOULD HAVE SIGNIFICANTLY IMPACTED THE EFFORTS OF
COUNSEL AND PROVIDED INSIGHT THAT WAS IMPERATIVE IN DEVELOPING
A DEFENSE STRATEGY.  THE EXCULPATORY NATURE OF THE INFORMATION
THAT WAS AVAILABLE FROM THIS WITNESS LIST WOULD HAVE PROVED BENEFI-
CIAL DURING THE PLEA NEGOTIATIONS AS WELL.


GROUND  SEVEN

INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL NEGLECTED TO PREPARE AND FILE PRETRIAL MOTIONS IN A TIMELY
MANNER, RESULTING IN A SUMMONS TO JUDGE FISCHERS CHAMBERS FOR AD-
MONISHMENT.  AT THAT TIME, COUNSEL INDICATED TO JUDGE FISCHER THAT
DEFENDANT WAS AWARE THAT THE DOCUMENTS WERE DUE, AND THAT THEY
HAD NOT BEEN FILED TIMELY, WHICH WAS INCORRECT.  MOVANT HAD NO
SUCH KNOWLEDGE OF WHAT A PRETRIAL MOTION WAS, NOR OF IT'S NEED TO
BE FILED.  WHEN JUDGE ASKED THE MOVANT IF SHE WAS AWARE THAT THESE
DOCUMENTS WERE DUE, COUNSELOR RESPONDED ON MOVANT'S BEHALF AND
SAID "YES".  MOVANT DID NOT CHALLENGE COUNSEL'S RESPONSE AT THAT
TIME, BUT DID ADDRESS HIS ACTIONS VIA EMAIL AT A LATER TIME.
MOVANT WAS ADVISED THAT THIS EVENT WAS NOT SIGNIFICANT, AND THAT
IT WAS COMMON PLACE.  MOVANT FEELS THAT THIS BEHAVIOR ON THE PART
OF COUNSEL--INATTENTIVENESS TO SCHEDULE AND PREPAREDNESS--WAS THE
BEGINNING OF A LONG LINE OF SUBSEQUENT INEFFECTIVE ACTIONS  THAT
SEVERELY IMPACTED THE MOVANT.

GROUND EIGHT
INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSELS LACK OF PREPARATION OF EXHIBIT DOCUMENTS DUE FOR ELECTRON-
IC FILING WITH THE COURT RESULTED IN PREJUDICE FOR THE MOVANT.
MOVANT WAS PRESENT IN COUNSEL'S OFFICE, AND IN PREPARING TO LEAVE,
ASKED COUNSEL IF THERE WERE ANY PENDING ACTIONS OR SUBMISSIONS
APPROACHING THAT NEEDED PREPARED.  UPON LOGGING INTO HIS COMPUTER,
COUNSEL BECAME AWARE THAT DEFENSE EXHIBITS WERE DUE TO BE FILED
THAT DAY, IN LESS THAN 20 MINUTES--MOVANT CANNOT REMEMBER THE
EXACT TIME THEY WERE DUE, BUT BELIEVES IT WAS EITHER NOON OR 1 PM.
COUNSEL HAD NOTHING PREPARED FOR THIS FILING, AND MOVANT AND
COUNSEL FRANTICALLY RIFLED THROUGH SEVERAL BOXES OF FILES,
ATTEMPTING TO LOCATE ANY PERTINENT DOCUMENTS THAT COULD BE SUB-
MITTED.  THERE WERE SEVERAL DOCUMENTS THAT COUNSEL HAD PREVIOUSLY
INDICATED AS PERTINENT THAT MOVANT AND COUNSEL WERE UNABLE TO
LOCATE, AND THUS WERE NOT INCLUDED IN THE FILING.  MOVANT PERSON-
ALLY STOOD AND FED A SCANT PILE OF DOCUMENTS INTO COUNSEL'S
SCANNER.  IN LIGHT OF THE 6000 EXHIBITS FILED BY THE PROSECU-
TION, THE DEFENSE EXHIBITS NUMBERED LESS THAN 25.  THE DOCUMENTS
PRESENTED FOR MOVANT'S DEFENSE WERE HASTILY PREPARED AND TRANSMIT-
TED INCOMPLETE.  COUNSEL'S LACK OF PREPARATION WAS UNSETTLING, AND
MOVANT DISCUSSED COUNSEL'S ACTIONS AT LENGTH WITH ANOTHER ATTORNEY,
WHO ADVISED MOVANT TO PETITION FOR NEW COUNSEL.  MOVANT WAS RELUC-
TANT TO PURSUE THIS ACTION IN LIGHT OF THE DIFFICULTY IN OBTAIN-
ING COUNSEL IN THE FIRST PLACE, AND DUE TO THE TIMING OF THE ISSUES.
MOVANT FELT THERE WERE NO OTHER OPTIONS AVAILABLE AT THAT TIME.

## GROUND NINE
### INEFFECTIVE ASSISTANCE OF COUNSEL

MOVANT CONTENDS THAT PSR CONTAINS UNSWORN AND UNVERIFIED STATEMENTS
OF LOSS THAT WERE INCORRECT AND REPORTED TO THE COURT.  THIS INFOR-
MATION WAS THEN UTILIZED IN DETERMINING THE PLEA AGREEMENT AS WELL
AS SENTENCING PARAMETERS.  COUNSEL FAILED TO VERIFY HOW THE
LOSS AMOUNTS WERE VERIFIED AND CALCULATED OR TO QUESTION THE IDEN-
TITY OF SEVERAL NAMES ON THE LIST THAT WERE UNFAMILIAR TO THE
MOVANT.  MOVANT PROVIDE COUNSEL WITH 2 PERTINENT CASES THAT DEALT
WITH CALCULATION OF LOSS IN SIMILAR CIRCUMSTANCES, AND COUNSEL'S
RESPONSE WAS THAT TEHY WERE NOT SIMILAR TO MOVANT'S SITUATION.
THIS FURTHER SUBSTANTIATED COUNSEL'S LACK OF KNOWLEDGE REGARDING
THE CASE.  NO FURTHER ACTIONS WERE TAKEN ON THE PART OF COUNSEL
TO CORRECT OR VERIFY THE INFORMATION.  COUNSEL'S PERCEPTION OF
THE IRRELEVANCY OF ERRONEOUS LOSS AMOUNTS AND THE SUBSEQUENT
IMPACT OF THAT INFORMATION ON THE MOVANT, WAS NOT A REFLECTION
OF SOUND PROFESSIONAL JUDGEMENT.

GROUND TEN
INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL FAILED TO PROPERLY INSTRUCT MOVANT DURING PLEA NEGOTIA-
TIONS.  DURING NEGOTIATIONS OF THE PLEA AGREEMENT, MOVANT RE-
QUESTED THAT COUNSEL NEGOTIATE A SPLIT SENTENCE, WITH HOME DE-
TENTION BEING AN OPTION FOR A PORTION OF THE 42 MONTH PROPOSED
SENTENCE.  COUNSEL RESPONDED THAT THERE WAS "NO HOME CONFINEMENT
WITHIN THE FEDERAL SYSTEM" AND DID NOT PRESENT THIS OPTION TO
EITHER THE GOVERNMENT OF TO THE JUDGE.  SINCE MOVANT HAD BEEN
IN THE COMMUNITY, TOTALLY UNSUPERVISED DURING THE  ENTIRE PRE-
TRIAL PERIOD, THE LIKLIHOOD THAT A COMMUNITY BASED DETENTION
FOR A PORTION OF THE IMPOSED SENTENCE WOULD HAVE BEEN APPROPRIATE.
FURTHERMORE, SINCE ONE MEMBER OF THE PROSECUTION TEAM HAD VERBAL-
IZED TO COUNSEL THAT HE DID NOT FEEL THAT JAIL TIME WAS APPROPRIATE,
MOVANT FEELS THAT THIS COULD HAVE BEEN INITIATED.  COUNSELS LACK
OF KNOWLEDGE REGARDING THE AVAILABILITY OF SPLIT SENTENCE PROVI-
SIONS RESULTED IN A LESS FAVORABLE OUTCOME FOR THE MOVANT.

GROUND ELEVEN
INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL FAILED TO PETITION THE COURT FOR AUTHORIZATION TO RETAIN
THE SERVICES OF A PARALEGAL TO ASSIST IN PRINTING AND SORTING THE
EXTENSIVE VOLUME OF PROSECUTION EXHIBITS UNTIL THE WEEK BEFORE THE
TRIAL WAS SCHEDULED TO BEGIN.  COUNSEL'S FAILURE TO ORGANIZE THESE
DOCUMENTS PRIOR TO THIS JUNCTURE IN THE PROCEEDINGS SEVERELY
UNDERMINED THE EFFECTIVENESS OF ANY STRATEGIC PLANNING OR PLEA
NEGOTIATIONS ENTERED INTO ON BEHALF OF THE MOVANT.

GROUND TWELVE
INEFFECTIVE ASSISTANCE OF COUNSEL

MOVANT MADE A REQUEST VIA EMAIL TO COUNSEL FOR ASSISTANCE IN OB-
TAINING PERTINENT DOCUMENTS AND MATERIALS NECESSARY FOR THE DEFENSE.
THIS EMAIL WAS SENT ON NOVEMBER 13, 2012.  COUNSEL RESPONDED THAT
HE WOULD REQUEST THEM.  ONE OF THE ITEMS WAS OF PARTICULAR IM-
PORTANCE AS IT WAS A VIDEO OF THE OWNER OF THE COMPANY--AND ALSO
THE CO-DEFENDENT, DURING A PRESENTATION WHERE HE MADE THE STATE-
MENT THAT THERE WAS "NO ONE" WITHIN HIS ORGANIZATION WHO KNEW THE
ENTIRE SCOPE OF HIS BUSINESS, SO THAT HE COULD "PROTECT HIS"
INTELLECTUAL PROPERTIES.  THIS PRESENTATION WAS WITNESSED BY ONE
OF THE INVESTORS IN THE COMPANY, WHO CAME FORWARD ON MY BEHALF.
THESE ITEMS WERE NEVER REQUESTED AND WERE THEREFORE NEVER ENTERED
INTO EVIDENCE OR UTILIZED DURING NEGOTIATIONS FOR MOVANT'S PLEA.
BY FAILING TO ADEQUATELY INVESTIGATE AND TO PRESENT EXCULPATORY
EVIDENCE, COUNSEL WAS INEFFECTIVE IN HIS DECISIONS AND RECOMMENDA-
TIONS TO MOVANT.

GROUND THIRTEEN
INEFFECTIVE ASSISTANCE OF COUNSEL

COUNSEL NEGLECTED TO CHALLENGE INCORRECT INFORMATION ON PSR, SPE-
CIFICALLY RELATED TO RESTITUTION AMOUNTS, AS WELL AS ALLEGED
VICTIMS ON HTE LIST WHOSE NAMES WERE UNFAMILIAR TO THE MOVANT.  THE
RESTITUTION AMOUNTS AS WELL AS THE NAMES WERE CHALLENGED ON SEVERAL
OCCASIONS BY THE MOVANT, BUT COUNSEL NEGLECTED TO TAKE ACTION ON
THESE CONCERNS.  ONE VICTIM LISTED ON THE PSR, LARRY DWOJAK, AP-
PROACHED MOVANT POST-SENTENCING AND STATED THAT HE HAD WITHDRAWN
HIS ENTIRE INVESTMENT (APPROX $106K) PRIOR TO GUZIK LEAVING THE
COUNTRY, YET HE IS LISTED ON THE PSR INDICATING A LOSS OF $106K.
MOVANT QUESTIONS VALIDITY OF LOSS AMOUNTS BASED ON THIS GROSS MIS-
REPRESENTATION OF TEH DWOJAK'S LOS AS INDICATED BY THE PROSECUTION.
ACCURATE INFORMATION ON THE PSR IS OF VITAL IMPORTANCE NOT ONLY
FOR PROPER SENTENCING AND REPAYMENT OF RESTITUTION, BUT ALSO HAS
AN IMPACT ON THE INCARCERATED MOVANT DURING LATER STAGES OF THE
CORRECTION PROCESS.

## GROUND FOURTEEN
### INEFFECTIVE ASSISTANCE OF COUNSEL

CALCULATION OF RESTITUTION RELATED TO LOSS WAS INCORRECTLY CALCULA-
TED, AND COUNSEL FAILED TO CHALLENGE THIS INFORMATION.  THE SHARE-
HOLDERS IN THE INVESTMENT GROUP PURCHASED LIMITED PARTNERSHIP IN-
TERESTS THAT WERE BACKED BY REAL ESTATE PROJECTS.  THE VALUE OF THE
INTERESTS WERE DIRECTLY LINKED TO THE MARKET AND ECONOMY.  WHEN THE
MARKET BEGAN TO  LOSE SIGNIFICANT VALUE BEGINNING IN 2006, THE IN-
HERENT VALUE OF EACH INVESTMENT PORTFOLIO DROPPED ACCORDINGLY.
COUNSEL WAS AWARE OF CASE LAW GOVERNING THE CALCULATION METHODS
THAT ARE TO BE UTILIZED FOR DETERMINING LOSS, BUT FAILED TO CHAL-
LENGE THE AMOUNTS STIPULATED BY THE PROSECUTION.  MOVANT QUESTIONED
THE HIGH DOLLAR AMOUNT OF THE LOSS, BUT, AS MOVANT HAD NO ACCESS
TO RECORDS TO CONTRADICT THESE DOLLAR AMOUNTS, WAS LEFT AT A DIS-
ADVANTAGE.  MOVANT BELIEVES THAT THE AMOUNT OF LOSS IS HIGHLY
INFLATED FOR THOSE INVESTORS WHO PURCHASED THE LIMITED PARTNER-
SHIP SHARES, AND THAT THIS INCORRECT INFORMATION HEAVILY IMPACTED
THE MOVANT IN A NEGATIVE CAPACITY.  IN ADDITION, THERE WERE INVES-
TORS WHO RECEIVED MONTHLY INTEREST PAYMENTS BASED ON THEIR INVEST-
MENTS.  AGAIN, COUNSEL WAS AWARE OF CASE LAW STIPULATING THAT THE
ALLEGED LOSS MUST SHOW THESE PAYMENTS AS A DEDUCTION FROM SAID LOSS
TOTALS.  THESE INVESTORS SHOULD NOT BE USING THEIR INITIAL INVEST-
MENT AMOUNTS AS THEIR TOTAL LOSS AMOUNTS.  AGAIN, COUNSEL REFUSED
TO CHALLENGE THESE FIGURES AND HAVE THEM CORRECTED.  THIS INCOR-
RECT INFORMATION WAS INCLUDED IN THE PSR AND RESULTED IN PREJU-
DICE TO THE MOVANT DURING SENTENCING.

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*


      Movant has limited access to judgment
and commitment documents and was unable to ascertain
date on which judgment and commitment became final.

MOTION WAS COMPLETED AND PLACED IN PRISON MAILBOX
      ON OCTOBER 20, 2014.

      IF IT PLEASES THE COURT, MOVANT WAS ORIGINALLY
SENTENCED ON OCTOBER 18, 2013.   THE ONE YEAR
ANNIVERSARY DATE FELL ON A SATURDAY, MAKING IT
NECESSARY TO WAIT UNTIL THE NEXT BUSINESS DAY
TO MAIL THIS DOCUMENT, WHICH IS OCTOBER 20, 2014,
THUS MEETING THE STATUTE OF LIMITATIONS DEADLINE.


---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:   COMMUTE  SENTENCE  TO  TIME  SERVED.
CORRECT  RESTITUTION  AMOUNT  ERRONEOUSLY  REPORTED  IN  PSR  BY  RE-
CALCULATING  LOSSES  OF  INVESTORS  BASED  ON  PRIOR  CASE  LAW;  OR  PERMIT
or any other relief to which movant may be entitled.   MOVANT  TO  SERVE  REMAINING  SENTENCE
ON  HOME  CONFINEMENT.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
                    (month, date, year).

Executed (signed) on _____ October   20, 2014

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

RESPECTFULLY  SUBMITTED,

BONNIE  GARDNER
#33388-068   A1
ALDERSON  FEDERAL  PRISON  CAMP
PO  BOX  A
GLEN  RAY  ROAD
ALDERSON,  WV  24910

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE COPY OF THIS MOTION TO
VACATE, SET ASIDE OR CORRECT A SENTENCE PURSUANT TO TITLE 28
U.S.C. §2255 WAS MAILED TO THE FOLLOWING PARTIES OF INTEREST:

> BRENDEN CONWAY
> OFFICE OF THE UNITED STATES ATTORNEY
> FEDERAL COURT HOUSE
> 700 GRANT STREET  ROOM 3110
> PITTSBURGH, PA 15219

BY PLACING SAME IN THE MAILBOX PROVIDED FOR INMATES ON THE
GROUNDS OF FPC ALDERSON, TO BE MAILED VIA UNITED STATES POSTAL
SERVICE.

DATED: _October 20, 2014_

_Bonnie Gardner_
BONNIE GARDNER