IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil No. 14-1441 |
| v.            ) | Criminal No. 09-180 |
| ) | |
| BONNIE GARDNER     ) | |

### MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE

AND NOW comes the United States of America, through its counsel, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said district, and respectfully submits its Motion to Dismiss Defendant's Motion to Vacate.

The defendant, pursuant to a guilty plea, was convicted of Mail and Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349. In her plea agreement, the defendant waived her right "to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking her conviction or sentence, and the right to file any other collateral proceeding attacking her conviction or sentence."[1] Consistent with its normal procedure, it is the government's belief that the Court reviewed this plea agreement at the time of the change of plea hearing, including the waiver language, and that the Court concluded that the defendant knowingly and voluntarily entered her plea of guilty to the conspiracy charge. In addition, the government reviews the terms of the plea agreements at every change of plea hearing, including the provision quoted above, and the defendants indicate that they understand and agree to the terms of their plea agreements.

While counsel for the government has no specific recollection of the change of plea hearing in the instant case, the government has no reason to doubt that the Court and the

---

[1] The government acknowledges that there is some authority for the proposition that the counsel for the government is acting unethically in taking the position outlined in this motion. The government is prepared to argue that counsel for the government's actions are ethical should the need to resolve that issue arise. If so, the government requests that the Court permit the government to submit a briefing on that issue prior to Court making a decision.

government followed its normal procedures in this case. Moreover, the defendant failed to allege that she did not knowingly and voluntarily waive her right to collaterally attack her conviction or sentence or present any rationale for not enforcing the collateral waiver provision.

As Judge Bloch of this Court held, "A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into knowingly and voluntary unless it would work a miscarriage of justice." United States v. Mortimer, 2007 WL 1041029, *2 (W.D. Pa. April 3, 2007) (internal quotations and citations omitted); see also United States v. Bowen, Criminal Nos. 04-318 and 06-640 (then Chief Judge Ambrose granted a nearly identical motion to this one); United States v. Ciocin, Criminal Nos. 07-182 and 07-398 (Judge Fischer granted a nearly identical motion to this one); United States v. Sheppard, Criminal No. 10-119 and Civil No. 13-1667 (Judge Cohill granting a similar motion to this one). As in the Mortimer case, the defendant in this case has not alleged or presented evidence that either the plea was not knowing and voluntary, or that such a waiver amounts to a miscarriage of justice.

The defendant's failure to allege a miscarriage of justice is understandable under the facts of this case. First, the defendant does not claim innocence. In fact, she continues to accept responsibility. Second, consistent with the Federal Rule of Criminal procedure 11(c)(1)(C) plea agreement, the Court imposed a forty-two month sentence, which was substantially below the advisory sentencing guideline range of 87-108 months. Thus, the defendant received more than fair treatment from the government, her counsel, and the Court, and there is no miscarriage of justice.

The government does not waive, and in fact asserts, that there are numerous other grounds on which the Court should deny the petition. The government, however, asks that the Court address this motion before requiring the government to outline for the Court the other bases for

denying the motion.   If the government were required to respond to petitions like this one before the Courts address the validity of the waiver, that would defeat the whole purpose of the waiver language of the plea agreement.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit states that when a final order denying a motion under § 2255 is entered, the district court must determine whether a certificate of appealability should be issued. As stated above, the defendant waived her right to file a motion under § 2255.   Therefore, there exists no basis for issuing a certificate of appealability because the defendant failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

WHEREFORE, for the reasons set forth above, the government respectfully requests that the Court dismiss the defendant's Section 2255 petition and determine that a certificate of appealability should not be issued.

    Respectfully submitted,

    DAVID J. HICKTON
    United States Attorney


    /s/ Brendan T. Conway
    BRENDAN T. CONWAY
    Assistant U.S. Attorney
    PA ID No. 78726

cc:    Bonnie Gardner
    Register No. 33388 068 A1
    Federal Prison Camp
    P.O. Box A
    Alderson, WV   24910