IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL No. 14-1441 |
| v. | ) | Criminal No. 09-180 |
| BONNIE GARDNER | ) | |

MOVANT'S REPLY TO GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION
TO VACATE

AND NOW comes Bonnie Gardner, "movant", pro se, to hereby reply to the Government's Response "GR", as follows:

I. INTRODUCTION

Movant had filed her Motion to Vacate her sentence under 28 U.S.C. §§ 2255, Civil case 14-1441. The attorney for the government responded with their Motion to Dismiss the Motion to Vacate. Jurisdiction to hear Movant's Motion is vested in this District Court that presided over and imposed Movant's sentence, pursuant to rule 4(a) of the Rules governing §§ 2255 proceedings. See Liteky v. U.S., 510 U.S. 540, 562 (1994).

II. ARGUMENT

All officers of this court are hereby placed on notice under authority of supremacy and equal protection clauses of the United States Constitution and the common law authority of Haines v. Kerner, 404 U.S. 519. In Re Haines: Pro Se litigants are held to less stringent standards than bar registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. The movant, Bonnie Gardner, pro se, respectfully submits this response to the government.

A. UNCONTESTED CONFLICT OF INTEREST

The gravaman of the gr is that the Movant waived her right "to file a motion to vacate sentence under 28 USC 2255, attacking her conviction or her sentence, and the right to file any other collateral proceeding attacking her conviction or sentence" (waiver). Movant argues, and the courts have affirmed, that this waiver, in and of itself, created a conflict of interest between the Movant and her counsel, thus resulting in a violation of her Sixth Amendment Right, and, by including this waiver as a conditon of the plea agreement, resulted in a miscarriage of justice, and further, rendered the Plea Agreement void. Theodore Simon, President of the National Association of Criminal Defense Lawyers (NACDL) stated: " These types of waivers create an inherent conflict of interest", see Criminal Law Reporter of October 22, 2014, Page 115.  The Kentucky State Supreme Court held in August of 2014, that Collateral Attack Waivers "create a nonwavable conflict of intrerst between the defendant and his attorney".  US vs. Kentucky Bar Association No 2000013SC-000270KY.  The court further held that it is an "ethical breach" by defense counsel. Id.  "Counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest".  Strickland vs. Washington, 466 U.S. 668-688 (1984).  Movant, under the Sixth Amendment, has a "right to representation that is free from conflicts of interest".  Wood vs. Georgia 450 U.S. 261, 271, (1981), and, this "conflict free" representation extends to plea negotiations. Moore vs. U.S. 950 F .2d 656, 660 (1991).  Since one of the government's first official actions in this case was to mandate that Movant's private counsel recuse himself due to a conflict

of interest, it is evident that the government recognizes the potential prejudice to the defendant and the potential harmful effects if a conflict of interest exists and is left unabated. Judge Flowers-Conti, of this court, has affirmed in Williams vs. U.S. No 08-377, (WD PA August 14, 2014) that "both attorneys therefore, advised Williams to either accept or reaffirm acceptance of the July 2011 plea agreement, which agreement included a broad waiver of appellate rights, including the right to file a motion collaterally attacking Williams' sentence based upon ineffective assistance of counsel. After issuance of the PBA Committee Opinion, the court and counsel now know that this advice was improper". Judge Flowers-Conti further stated that "the error (to include the collateral attack waiver) was of significant gravity and character because it deprived Williams of conflict free counsel". In U.S. vs. Kentucky Bar Association, the court held that in presenting a plea agreement with the waiver being a condition of that plea, it made it "difficult, if not impossible for a defense lawyer to give detached, impartial advice to [his] client under these circumstances, particularly when it involves an internal review of the probity of the Attorney's conduct". Stephen A. Saltzburg, a professor at the George Washington University Schol of Law, states: "But the problem is that these provisions (referring to waivers of collateral attacks included as a condition within a plea agreement) create an inherent conflict for the defense counsel". Saltzburg went on to say that "if the lawyer realizes that there is a potential malpractice or in-

effective issue and calls it to the client's attention, and that the client specifically waives the issue after consulting with independent counsel, then that is a different story". In advising the Movant to accept the plea agreement, with the waiver being a condition of that plea agreement, it makes it "difficult, if not impossible, for the defense lawyer to give detached and impartial advice to the client under these circumstances particularly when it involves an internal review of the probity of the attorney's own conduct". The Supreme Court in Cuyler vs. Sullivan 446 U.S. 335, 350 (1980) held that if a petitioner can show that counsel operated under such a conflict of interest, that [she] doesn't even have to show that [she] was prejudiced [ that counsel's errors/actions changed the outcome of the proceedings]."

MISCARRIAGE OF JUSTICE

Judge Flowers-Conti further established that "this court is of the opinion that it would be a miscarriage of justice...to enforce the collateral attack waiver, to prevent Williams from asserting claims of ineffective assistance of counsel against the very counsel that advised him to sign the plea agreement....Now however, this court has the benefit of the PBA Committee Opinion, and finds that enforcing the waiver under these circumstances would not be in the interests of justice". Williams vs. U.S. No 08-377 LN 112624, WD PA August 14, 2014. In U.S. vs. Bowen, the court held that "relief is available under exceptional circumstances, when the claimed errors of law are "a fundamental defect which

inherently results in a complete miscarriage of justice" or an ommission inconsistent with the rudimentary demands of fair procedure.  In U.S. vs. Khattak 273 F.3d 557, 562-563 (2001), the court held that "waivers of appeal must be strictly construed but are valid so long as entered knowingly and voluntarily.  There may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver".  Stephen Saltzburg states "but the problem is that these provisions (referring to wiavers of collateral attacks included as a condition within a plea agreement) ask the client to waive something they have no clue about...it's pretty hard to call that a knowing and intelligent waaiver".

C. MOTION TO DISMISS IS UNETHICAL

The motion to dismiss filed by the government is unethical due to the conflict of interst that was created by the actions of the government prosecutor as well as the government investigators, forming the basis for Grounds #2 and #3 of the 2255 motion filed by the Movant.  These actions violated the Constitutional Rights of the Movant, and counsel's subsequent refusal to address the issues and actions at hand, prejudiced the Movant.  Efforts by the government to dismiss this motion, thereby squelching a review of the professional misconduct that took place, as well as blatant violation of the Movant's constitutional rights, are unethical, and also illustrate an egregious conflict of interest.

D. PLEA AGREEMENT IS VOIDABLE

Plea agreements are "contracts", Santobello vs. New York, 404 U.S. 257, 262-263 (1971), U.S. vs. Kentucky Bar Association. If, during the course of negotiations and/or execution of a contract, fraud is committed by a party to the contract, the contract is void, as if it never existed. Godly vs. U.S. 5F .3d 1473, 1476 (1993). "A contract tainted by fraud...is void ab initio". The attorney for the government committed fraud during the negotiation of the Movant's contract, when he placed a provision in the contract he knew would create a conflict of interest between the defense counsel and the Movant. The conflict of interest created was discussed in detail in Section A. "Fraud is a generic term: Ragland vs. Shattuck National Bank 36F.3d 983, 990 (1994). It encompasses a broad range of ways "by which another is cheated" Id. Because the government knowingly included a waiver as a condition of the plea agreement, and this conflict was never disclosed to the Movant, it constitutes fraud, and renders the agreement void. The Movant had an "underlying right to be informed of the facts" Id. Fraud occurs when a party to an agreement has a duty to speak, but "fails to disclose the whole truth". Id at 991. The government, as a party in the contract, and the defense counsel, in advising Movant to sign the plea agreement, committed an act of constructive fraud, which thus resulted in a miscarriage of justice. A plea agreement, or contract, is said to be uberrimae fidei, that is, of the most abundant good faith. The Movant relied heavily on defense counsel to provide the professional knowledge, skill and care when providing advice to the Movant to allow her to

"knowingly" accept the terms of the plea agreement. Counsel was unable to fulfill his ethical obligation to the Movant. The point of Rule 11(b)(1)(n) is that a signed piece of paper is not enough. John Wesley Hall, National Association of Criminal Defense Lawyers, states "In the decision (referring to U.S. vs Kentucky Bar Association) the court rightly observed at the very opening that the American Criminal Justice System is [for the most part a system of pleas, not a system of trials], and went on to recognize that [plea agreements are often contracts of adhesion] that often come with a [take-it-or-leave-it-tone]" he said. The direct conflict and the subsequent failure to disclose this conflict and it's effect on the subsequent outcome for the Movant, had a direct and fatal affect on the Movant's plea agreement or "contract".

CONCLUSION

The government motion to dismiss must be denied. In U.S. vs. Mabry 536F.3d 231,(2008) it was determined that the court is to use a "common sense approach" and "look at the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver" Id at 242-243. In U.S. vs Teeter, 1st Cir. (2001), it was determined that a reviewing court should evaluate appellate waivers on a case by case basis, considering the error claimed by the defendant, and such factors as the clarity of the error, it's gravity, it's character, the impact of the error [or errors] on the defendant, the impact of correcting the error [s] on the government, and the extent to which the defendant acquiesced the result. Movant humbly and respectfully requests that her motion

Vacate, Set Aside or Correct her sentence be granted, and that relief be provided to the Movant within the broad spectrum of avenues available within the confines of this honorable court, as deemed justified.

Respectfully Submitted,

*Bonnie Gardner*

Bonnie Gardner

February 8th, 2015


33388068   A1
Federal Prison Camp
PO Box A
Alderson, WV
24910

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of this Reply to the Government's Motion to Dismiss, was mailed via the USPS, First Class by placing the same in the mailbox provided on the grounds of the Alderson Federal Prison Camp. It is further cerified that a copy was sent to the parties of interest as listed below:

                Office of the CLerk of Courts
                 for the Western District of PA
                US Post Office and Courthouse
                700 Grant Street
                Pittsburgh, PA 15219

   and

                US Department of Justice
                US Attorney's Office
                David J. Hickton
                US Post Office and Courthouse
                700 Grant Street
                Pittsburgh, PA 15219

_February 8th, 2015_
Date placed in Mailbox

_Bonnie Gardner_
Bonnie Gardner
33388068 A1
FPC Alderson
PO Box A
Alderson, WV 24910