IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )      Cr. No 09-180
                          )      Civil No. 14-1441

V.                  )

BONNIE GARDNER, movant

ADDENDUM TO PETITIONER"S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO TITL  28 USC S C 2255

Comes Now, Movant, Bonie Gardner, pro-se, in support of Addendum,

asserts as follows:

## INTRODUCTION

Since Movant's 2255 motion was filed, counsel for the government

has responded with their own motions; documents 99, 102, 107.

Based on these pleadings, movant asserts that there is now

newly discovered evidence before this court to grant her relief.

I. GROUNDS FOR RELIEF

A)  Unethical behavior by the Federal Prosecutor constitutes a

violation of due process, structural error and Clean Hands Doctrine.

B)  Movant's Sixth Amendment Right to Conflict-free representation

was violated, rendering her plea agreement invalid.

C)  Further illustrations of defense counsel's failure to follow

customary, professional conduct in defending the movant.

II.  Argument

    (Ground A)

    In U.S. v. KY Bar Association, KY No. 2013-SC-000270-KB,

August 21, 2014, the Kentucky Supreme Court held that:  The

prosecutor has a special role as a "minister of justice".  The

utilization of the Ineffective Assistance of Counsel (IAC) waiver in plea agreements is unethical behavior". Ethics opinions in a dozen states have reached this same conclusion, as have the American Bar Association, which issues Resolution 113E at its 2013 annual meeting, opposing IAC waivers. In document 102, page 1 F.N.1, the government "acknowledges" that "counsel for the government is acting unethically in taking the position outlined in this motion". The government then, in Doc 107, unethically argues throughout the pleading that this court should join into this "unethical" act and disregard not only the recent KY Supreme Court ruling, but others. Chief Justice John D. Minton Jr rebuffed the government's argument that applying the proscription to federal prosecutors would violate the U.S. Supremacy Clause under the federal "McDade Amendment, 28 USC Sec 530B" because there is no law of the United Staes mandating the terms  a prosecutor must offer in a plea bargain". The government also asks that this court disregard the recent Pennsylvania Bar Association's Legal Ethics and Professional Responsibility Committee Opinion and also disregard the recent opinion by Chief Judge Conti. Because the prosecutor is aware of the ethical rules, "offering a contract of adhesion that requires a fellow attorney to perform unethically in order to comply with other ethical or constitutional obligations would [constitute] influencing or persuading" a fellow attorney to violate [] ethical rules". US v KY Bar Association.

Furthermore, since the prosecutor is acting unethically during the prosecution of movant's case, he comes before the court with "unclean hands". See Mas v. Coca Cola, 163F.2d 505,

511 (4th Cir 1997).   The proosecutor's actions have caused a
Sixth Amendment due process violation in this case, and created
an unwaivable conflict of interest betwee4n the movant and her
counsel, making her plea agreement a nullity.


(Ground B) Conflict of Interest


Conditioning the movant's plea agreement on her waiving
any IAC claims created a novwavable conflict of interest between
her counsel and herself, and induced an ethical breach by her
defense counsel.   It pitted her counsel's interests against those
of his client, the movant.   At no time did defense counsel define
a "2255" or utilize the term "ineffective assistance of counsel".
Movant was told by counsel that her case could not be appealed to
a "higher court".   Because of the cost in responding to an ineffec-
tive assistance of counsel claim, including the time and the poten-
tial   damage to defense counsel's reputation which could result
when such a claim was brought before the court, defense counsel
chose the best outcome for himself, not his client.
The government   points out that movant is an "educated,
mature and intelligent woman", however, movant is NOT educated or
schooled in the law, nor was she schooled in finance.   Movant was
a self-taught Real Estate Broker with formal training as a Registered
Nurse.   Movant relied totally on her counsel to guide and advise
her at every step of the proceedings, including the plea negoti-
ations and hearing.   It is as miscarriage of justice for the
movant to place such trust and reliance in counsel's ability to
skillfully and professionally and fairly negotiate on her behalf

when counsel has a known conflict of interest, and the prosecutor is knowingly and blatantly acting unethically. In this situation, it was impossible for the court to find that the movant could have knowingly waived something, being under the false impression that defense counsel had correctly and thoroughly apprised her of the meaning of the waiver. Although the movant IS intelligent and competent, her area of expertise is FAR from the law, and she could not have accepted this plea knowingly and voluntarily, while being denied her Sixth Amendment Right to a conflict-free representation by counsel.

(Ground C)    Further illustration of IAC


At the movant's change of plea hearing on May 10, 2013, (transcript previously submitted to this court), on page 35, lines 9-21, counsel states that he will address "this down the road in some of my presentencing submissions", speaking of the summation of the evidence that was to be presented by the government and the corrections and disputes that movant had brought to counsel's attention. These "presentence submissions" never took place. Once again, movant had no voice, as counsel remained silent. During the sentencing hearing of Friday, October 18, 2013 (transcript also submitted) on page 19, lines 9-20, this Honorable Judge reiterates my work ethic, my character, my caring and compassionate nature. This information was never presented to the government during the negotiations for the movant's plea agreement, because, once again, counsel for the defense remained silent.

CONCLUSION

For all of the foregoing reasons, this movant should be granted relief. The cumulative effect of the errors of ommission committed by counsel, severely prejudiced the movant, and resulted in a much less favorable outcome for this movant. The court and the government received only one side of the story. This movant had no voice, and didn't realize it until it was too late to address. Since the cost of granting relief seems to be a consideration, so should the cost of keeping this movant unjustly incarcerated. Movant does accept responsibility for HER actions, but those actions are far removed from the actions the government deemed movant responsible for. Movant respectfully requests relief as previously requested--home confinement for the remainder of my sentence, or alternately, an evidentiary hearing so that movant may further prove her grounds, resolve facts and disputes, and expand the record to include the entire truth.


Respectfully Submitted

*Bonnie Gardner*

Bonnie Gardner                                    April 7, 2015

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy
of this Reply to the Government's Motion to Dismiss, was mailed
via the USPS, First Class by placing the same in the mailbox
provided on the grounds of the Alderson Federal Prison Camp.  It
is further cerified that a copy was sent to the parties of interest
as listed below:

> Office of the CLerk of Courts
>  for the Western District of PA
> US Post Office and Courthouse
> 700 Grant Street
> Pittsburgh, PA 15219

and

> US Department of Justice
> US Attorney's Office
> David J. Hickton
> US Post Office and Courthouse
> 700 Grant Street
> Pittsburgh, PA 15219

_April, 8th, 2015_
Date placed in Mailbox

_Bonnie Gardner_
Bonnie Gardner
33388068 A1
FPC Alderson
PO Box A
Alderson, WV 24910